CITY OF DETROIT v ROTT

Docket No. 77-3468. Submitted May 2, 1979, at Detroit.—Decided July 23, 1979.

The City of Detroit commenced condemnation proceedings against an apartment building and land owned by Saul and Bessie Rott. A settlement was entered into whereby the city agreed to pay the Rotts a sum certain in exchange for conveyance of the property. Shortly thereafter, the premises were damaged by fire and the Rotts were compensated for the fire loss by their insurance carrier. When the Rotts later tendered a deed to the city, the city offered to pay them only the difference between the agreed-upon price and the amount of the insurance proceeds. The Rotts brought a motion to enforce payment of the full price. The Wayne Circuit Court, Arthur E. Moore, J., held that the city was entitled to deduct the amount of the insurance proceeds from the settlement price. The Rotts appeal.
*Held:*

The only issue to be considered is whether the Rotts had rendered full performance of their part of the bargain, and, assuming that the property was repaired, they did fully comply with the agreement. The fact that the property was insured is not relevant, nor is the amount received in insurance proceeds conclusive of the amount to be deducted in the event of defective performance.

Reversed.

Contracts — Sales — Damages — Defective Performance.

The measure of damages in the event of defective performance of a contract of sale may be the difference in the value of the object of the performance in its defective condition and what its value would have been if the contract had been properly performed, or the cost of making the subject matter conform to the standards contemplated by the contract, whichever is less.

*Roger E. Craig,* Corporation Counsel, and *James*

Reference for Points in Headnote
17 Am Jur 2d, Contracts §§ 375, 376.

*C. Cobb, Jr.,* Assistant Corporation Counsel, for plaintiff.

*Evans & Luptak* (by *D. Michael Kratchman*), for defendants.

Before: J. H. GILLIS, P.J., and BEASLEY and R. B. WEBSTER,* JJ.

PER CURIAM. On April 29, 1976, the city of Detroit commenced condemnation proceedings against properties in the Virginia Park area including a parcel of land and a 12-unit apartment building owned by appellants, Saul and Bessie Rott. On January 13, 1977, a settlement was entered into whereby the city agreed to pay $25,300 in exchange for the conveyance of title to the property.

On February 26, 1977, a fire damaged the premises. The Rotts received $13,226.03 in insurance proceeds to compensate them for this loss.

On March 31, 1977, Mr. Rott apparently sent a warranty deed to the city. The city, upon learning of the fire damage, informed the Rotts that it would pay only the difference between the agreed-upon price and the amount which the Rotts received in insurance proceeds.

Appellants brought a motion before the lower court seeking to collect the full price from the city. The court ruled that the city was entitled to deduct the amount of the insurance proceeds from the settlement price. The Rotts appeal, seeking to have that order reversed.

The agreement in this case was in settlement of a condemnation proceeding. Nevertheless, we view it as analogous to a contract for the sale of real

---

* Circuit judge, sitting on the Court of Appeals by assignment.

property. Appellants agreed to forego their right to a trial and to convey certain real estate. In return the city agreed to pay $25,300.

After appellants rendered what they considered full performance they sought to require the city to comply with its part of the bargain. Assuming the damaged unit was repaired after the fire, it is evident that appellants did fully comply with the agreement. Appellants have stated in their brief on appeal that the unit was restored and the city has not challenged this contention. Moreover, even if the unit were not restored, we think it was incumbent upon the city to raise this below.

The only issue the trial court should have resolved was whether appellants had rendered full performance of their part of the bargain. The fact that there was a contract of insurance on the premises is of no relevance to that issue.

Even if the city had contended that appellants rendered defective performance, the amount received in insurance proceeds would not be conclusive of the amount to be deducted from the agreed-upon price. Where there has been a defective performance of a contract the measure of damages may be the difference in the value of the object of the performance in its defective condition and what its value would have been if the contract had been properly performed, or the cost of making the subject matter conform to the standards contemplated by the contract, whichever is less. See 9 Michigan Law & Practice, Damages, § 107, p 107.

We conclude that the trial court erred in ruling that the city could deduct the amount received in insurance proceeds from the settlement price. No

showing has been made that the city did not obtain the full benefit for which it had bargained.[1]

Reversed. Costs to appellants.

---

[1] Although of no legal significance, it is interesting to note that the city intended, upon acquisition of the property, to demolish the building.